IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SEVELA, as Personal Representative Of the Estate of BRYCE J. BOLEN, deceased, on behalf of himself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>KOZENY & MCCUBBIN, L.C. and JOHN DOES,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>[Class Action] |

COMES NOW, Plaintiff James Sevela, as Personal Representative of the Estate of Bryce J. Bolen, by and through his attorneys, Pamela A. Car and William L. Reinbrecht of Car & Reinbrecht, P.C., L.L.O. and O. Randolph Bragg of Horwitz, Horwitz & Assoc., and alleges and states that this is a consumer class action brought by Plaintiff James Sevela, as personal representative of the estate of Bryce J. Bolen, on behalf of himself and all other persons similarly situated for the Defendants' violations of the Fair Debt Collection Practices Act, (hereinafter referred to as the "FDCPA") 15 U.S.C. §1692 *et seq*., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq*. (hereinafter referred to as the "NCPA").

This Class Action Complaint seeks, on behalf of the Plaintiff and all other Nebraska consumers similarly situated, declaratory judgment, injunctive relief, as well as statutory damages against Defendants Kozeny & McCubbin, L.C. and John Does for their routine practice of sending collection letters in the form of <u>Exhibit A</u> to Nebraska residents in violation of 15 U.S.C. §1692e, §1692e(3), §1692e(10) and § 1692g(a) as well as the NCPA.

In support of his claims, the Plaintiff states and alleges as follows:

## JURISDICTION AND PARTIES

1. Subject matter jurisdiction of this Court arises under 15 U.S.C. §1692k, actionable through 28 U.S.C. §1331 and other provisions of the law.

2. Venue is proper in this Court for the reason that the claims occurred as a result of actions that happened in this Judicial District.

3. Plaintiff James Sevela is a resident of Omaha, Nebraska.

4. Plaintiff James Sevela has been appointed the Personal Representative of the estate Bryce J. Bolen, in the County Court of Douglas County, Nebraska. Mr. Bolen was at all times relevant to this lawsuit a "consumer" as that term is contemplated in §1692a(3) of the FDCPA. At all times material hereto, Mr. Bolen and each member of the class are "consumers" as that term is contemplated in §1692a(3) of the FDCPA.

5. Defendant Kozeny & McCubbin, L.C. (hereafter "K&M") is a law firm located in St. Louis, Missouri and elsewhere, engaged in the business of collecting debts and regularly attempts to collect debts alleged to be due another by use of the mail and telephone and is a "debt collector" within the meaning of 15 U.S.C. §1692(a)(6).

6. John Does (hereafter "Does") are individuals employed by or affiliated with K&M and engaged in the business of collecting debts and regularly attempt to collect debts alleged to be due another by use of the mail and telephone and are "debt collectors" within the meaning of 15 U.S.C. §1692(a)(6).

7. At all times relevant hereto the Defendants attempted to collect alleged debts alleged to be due from Mr. Bolen and each member of the purported class for personal, family or household purposes, i.e. – home mortgages.

8. Defendants are entities who contributed to or participated in, or authorized, and/or implemented the policies regarding the acts complained of or conspired with the named Defendants to commit the acts complained of which caused injuries to the Plaintiff and the class. Each Defendant acted as principal and agent, each of the other, and combined and concurred each with the others in committing the acts complained of herein.

9. At all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee, and/or other representative of the other

Defendant, and in doing the things herein alleged, were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by Plaintiff to refer to each Defendant named above.

## FACTUAL ALLEGATIONS

10. Bryce J. Bolen died on December 6, 2017 in Omaha, Nebraska.

11. On January 25, 2018, James Sevela, friend and neighbor of Mr. Bolen, was appointed as special administrator for the estate of Bryce J. Bolen, in the County Court of Douglas County, NE.

12. On or about July 19, 2018, Mr. Sevela was appointed Personal Representative of the Estate of Bryce J. Bolen, by the County Court of Douglas County, Nebraska.

13. Defendants sent Bryce J. Bolen a collection letter dated May 4, 2018 on the letterhead of "KOZENY & McCUBBIN, L.C.,  Attorneys at Law."

TRTTORNEYS AT LAW" regarding a home mortgage allegedly due Wells Fargo Home Mortgage as servicer for Wells Fargo Bank, National Association. (Hereinafter, the "Debt") A copy of said Letter is attached hereto as Exhibit A.

14. The Debt allegedly owed by Mr. Bolen was incurred for personal, family, or household purposes, *i.e.* – the purchase of his residence.

4

15. In pertinent part <u>Exhibit A</u> reads in part: "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid."

16. <u>Exhibit A</u> fails to identify the entities or persons who may assume the alleged debt "to be valid."

17. <u>Exhibit A</u> failed to inform Mr. Bolen, or his Personal Representative or the proposed class members that the alleged debt may only be "assumed to be valid <u>by the debt collector</u>." (Emphasis added.)

18. <u>Exhibit A</u> is confusing and misleading to an unsophisticated consumer.

19. The letter bears a signature block, which reads:

Sincerely,
Kozeny & McCubbin, L.C.

20. The letter also reads: "[At] this time, no attorney with this firm has personally reviewed the particular circumstances of your account."

21. This letter on law firm letterhead confuses an unsophisticated consumer as to attorney involvement in this case.

22. The letter further states, "If you have received a discharge of this debt or if there is presently a stay in effect under bankruptcy law, this letter is not a demand for payment of the captioned debt or a notice of personal liability, but rather is for informational purposes only.

23. <u>Exhibit A</u> also reads: "… additional fees and costs allowed by both applicable law and the loan documents may have been incurred, including but not limited to, and where applicable, taxes, insurance, and late fees that accrue after the sending of this notice, as well as title reports/curative fees, recording/filing fees, newspaper publication costs and attorneys' fees. You can obtain an updated payoff amount by contacting us. Failure to tender the entire amount owed may cause the funds to be rejected."

24. Defendants John Does created, approved, directed, and/or supervised the preparation and sending of letters in the form of <u>Exhibit A</u> to Mr. Bolen and the class members.

## DEFENDANTS' ROUTINE PRACTICES

25. It is and was the routine policy and practice of Defendants to send letters in the form of <u>Exhibit A</u> to residents of Nebraska.

26. Defendant's routine practice is to send collection letters in the form of <u>Exhibit A</u> to threaten a lawsuit to recover allegedly past due accounts on K& M letterhead without any meaningful attorney involvement in reviewing and approving the file before sending the letter.

27. Defendant's failure to conduct a review of the cases by an attorney before sending letters in the form of <u>Exhibit A</u> violates 15 U.S.C. §§ 1692e(3) and 1692e(10).

28. Sending a letter in the form of <u>Exhibit A</u> which makes false or misleading representations that the case has been reviewed by an attorney in violation of 15 U.S.C. §§ 1692e(3) and 1692e(10). These violations mislead Mr. Bolen/Sevela and the class as to their rights and the law. The violations are material because they caused harm.

## CLASS ALLEGATIONS

29. This action is brought on behalf of a class of similarly situated persons defined as (I) all Nebraska residents (ii) to whom K&M sent a letter in the form of <u>Exhibit A</u> (iii) which were not returned as undeliverable (iv) in an attempt to collect a debt incurred for personal, family, or household purposes as shown by Defendants or the creditors' records (v) allegedly due for a home mortgage.

30. The FDCPA subclass includes the time period beginning one year prior to the filing of this action through the date of class certification.

31. The NCPA subclass includes the time period beginning four years prior to the filing of this action through the date of class certification.

32. Based on Defendants' use of letters in the form of <u>Exhibit A</u>, the class is so numerous that joinder of all members is impractical.

33. There are questions of law and fact common to the class, which common questions predominate over any issues involving only individual class members. The principal legal question is whether Defendants' use of letters in the

form of <u>Exhibit</u> A violated 15 U.S.C. §§ 15 U.S.C. §1692e, §1692e(3), §1692e(10) and § 1692g(a) and the NCPA.

34.  Plaintiff's claims and those of the class are based on the same facts and legal theories.

35.  Plaintiff will fairly and adequately represent the interests of the class members.

36.  Plaintiff has retained counsel experienced in class actions and debt collection abuse cases.

37.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

38.  Certification of the Classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

>  (a)  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>  (b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate.

40. Plaintiff requests the Court to certify a hybrid class or classes combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## CAUSES OF ACTION

### I. FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff restates the allegations above as if fully set forth herein.

42. Plaintiff for his First Cause of Action against the Defendants states and alleges that during the course of attempting to collect the alleged debt, Defendants:

> a) made false or misleading statements in connection with the attempted collection of said debt, in violation of 15 U.S.C. 15 U.S.C. §1692e, §1692e(3), §1692e(10) and § 1692g(a).

WHEREFORE, Plaintiff James Sevela, as personal representative of the Estate of Bryce J. Bolen, and the class he seeks to represent against the Defendants requests:

A. Certification of this action to proceed as a class action;

B. Damages to the Plaintiff and the class pursuant to 15 U.S.C. § 1692k(a)(2)(B);

C. Entry of a Declaratory Judgment finding that Defendants' practices challenged herein violate the FDCPA;

D. Costs and reasonable attorneys' fees; and

E. Such other and further relief as the Court deems just and equitable.

## II. NEBRASKA CONSUMER PROTECTION ACT

Plaintiff for his Second Cause of Action states and alleges as follows:

43. Plaintiff restates the allegations of set forth of his previous Cause of Action as if fully set forth herein.

44. Defendant K&M is a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

45. Defendants John Does are a "Person" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb. Rev. Stat. § 59-1601.

46. Defendants' actions described above, violate provisions of the NCPA, Neb. Rev. Stat. § 59-1601 *et seq*. Defendant's routine acts of sending Exhibit A to Nebraska consumers on law firm letterhead with no meaningful involvement and providing false or misleading information in Exhibit A constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in

violation of Neb.Rev.Stat. § 59-1602.

47. That this claim is in the public interest.

WHEREFORE, Plaintiff James Sevela, Personal Representative of Bryce Bolen estate , and the class he seeks to represent against Defendants requests:

A. Certification of this action to proceed as a class action;

B. Damages for the Plaintiff and each class member, pursuant to Neb. Rev. Stat. § 59-1609;

C. Injunctive Relief;

D. Costs and reasonable attorneys' fees pursuant to Neb. Rev. Stat. § 59-1609; and

E. Such other and further relief as the Court shall allow, pursuant to Neb. Rev. Stat. § 59-1609.

Dated: August 16, 2018

    James Sevela, as Personal Representative of
    the Estate of   Bryce J Bolen, Plaintiff

    By: */s/Pamela A. Car*
    Pamela A. Car #18770
    Car & Reinbrecht, P.C., L.L.O.
    2120 South 72nd St, Ste. 1125
    Omaha, NE 68124
    (402) 391-8484 Telephone
    (402) 391-1103 Facsimile
    E-mail: pacar@cox.net

> O. Randolph Bragg
> Horwitz, Horwitz& Associates
> 25 East Washington Street, Suite 900
> Chicago, IL 60602
> (312) 372-8822
> (312) 372-1673 - Fax
> rand@horwitzlaw.com

**ATTORNEYS FOR THE PLAINTIFF**

## JURY DEMAND

Plaintiff James Sevela, Personal Representative of the estate of Bryce Bolen, demands a trial by jury as to all issues so triable.

By: */s/Pamela A. Car*