# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SEVELA, as Personal Representative of the Estate of BRYCE J. BOLEN, deceased, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> KOZENY & MCCUBBIN, L.C., et al., <br><br> Defendants. | Case No. 8:18-cv-390 <br><br> **PLAINTIFF'S NOTICE OF SUBSEQUENT AUTHORITY REGARDING DEFENDANTS' MOTION TO STAY** |

Defendants previously filed a Motion for Judgment on the pleadings and Alternative Motion to Stay. (Filing No. 25) The basis for the Motion to Stay was the pending Supreme Court decision in the case, *Obduskey v. McCarthy & Holthus, LLP, v. Wells Fargo*, 879 F.3d 1216, 1221 (10th Cir. 2018). The United States Supreme Court has now issued a ruling found at *Obduskey,* ___ S.Ct._____, 2019 WL 1264579 (March 20, 2019) in which the United States Supreme Court's decision turns on the finding that "here we assume that the notices sent by McCarthy were antecedent steps required under state law to enforce a security agreement." *Id.* at *7.

 Such is not the case here. Under Nebraska Law, a consumer who obtains a loan for his or her house signs a promissory note, which states the monetary terms of

1

the loan, and is secured by a deed of trust on their property. The house becomes collateral for the loan. Here, K&M's letter (Filing No. 11-1) was only directed toward collecting payment of money on the promissory note. Defendants' letter was not a required precursor to foreclose on the Deed of Trust in Nebraska. Neb.Rev. Stat. § 76-1006 requires:

> The trustee or the attorney for the trustee shall first file for record in the office of the register of deeds of each county wherein the trust property or some part or parcel thereof is situated a notice of default identifying the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, and setting forth the nature of such breach and of his or her election to sell or cause to be sold such property to satisfy the obligation;

The K & M letter does not meet those requirements, was not a notice of default, and was not filed in the Douglas County Register of Deeds and therefore does not come under the purview of the *Obduskey* case. K&M's letter (Filing No. 11-1) is an attempt to collect a monetary debt outside of foreclosure.

For that reason, the Court should deny the stay and the Motion for Judgment on the pleadings.

James Sevela, as Personal Representative
of the Estate of Bryce J Bolen, Plaintiff,

By: */s/Pamela A. Car*
Pamela A. Car #18770
Car & Reinbrecht, P.C., L.L.O.
2120 South 72nd St, Ste. 1125
Omaha, NE 68124
(402) 391-8484 Telephone
(402) 391-1103 Facsimile
E-mail: pacar@cox.net

O. Randolph Bragg
Horwitz, Horwitz& Associates
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
(312) 372-1673 - Fax
rand@horwitzlaw.com
**ATTORNEYS FOR THE PLAINTIFF AND PUTATIVE CLASS**

### Certificate of Service

I hereby certify that on March 22, 2019, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system, which will send notification of such filing to the following:

Ryan K. Forrest
Casey C. Cira

Joshua Dickinson

And I certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: N/A

By: */s/ Pamela A. Car*