# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SEVELA, as Personal Representative of the Estate of Bryce J. Bolen, deceased, on behalf of himself and all others similarly situated;<br><br>**Plaintiff,**<br><br>vs.<br><br>KOZENY & MCCUBBIN, L.C., and JOHN DOES,<br><br>**Defendants.** | 8:18CV390<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff James Sevela's Motion for Partial Reconsideration, ECF No. 46, and Motion for Leave to File Second Amended Complaint, ECF No. 48. For the reasons stated below, the Motion for Partial Reconsideration will be denied and the Motion for Leave to File Second Amended Complaint will be granted, in part.

## BACKGROUND

In Sevela's Motion for Partial Reconsideration, he asks the Court to reconsider its Memorandum and Order,[1] ECF No. 45, dismissing Sevela's claims under the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 *et seq.* ("NCPA"). Specifically, Sevela challenges the Court's holding that he, in his capacity as personal representative of the Estate of Bryce J Bolen, is not a "person who is injured in his or her business or property" as required to bring an action under the NCPA.

---

[1] In its May 2, 2019, Memorandum and Order, ECF No. 45, the Court ruled on Defendant Kozeny & McCubbin, L.C.'s Motion for Judgment on the Pleadings, ECF No. 24.

In Sevela's Motion for Leave to File Second Amended Complaint, he seeks leave to add four individual Defendants identified during the discovery process; restate his NCPA claim to include the allegation that he is a person under Neb. Rev. Stat. § 59-1608(2); and add language regarding the public interest, the Court's ability to provide a monetary remedy, and his alleged injury in-fact.

## STANDARD OF REVIEW

### I. Motion to Reconsider

A motion to reconsider a nonfinal order is analyzed under Fed. R. Civ. P. 60(b). *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (*Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). "They are not to be used to 'introduce new evidence that could have been adduced during pendency' of the motion at issue." *Id.* "A motion for reconsideration is also not the appropriate place to 'tender new legal theories for the first time.'" *Id.* Sevela alleges a manifest error of law.

### II. Motion for Leave to Amend

After the time for amending a pleading as a matter of course has expired, *see* Fed. R. Civ. P. 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts are directed to "freely give leave," but only "when justice so requires." *Id.* Thus, "[a] denial of leave to amend may be justified by undue delay, bad faith on the part of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823,

2

833 (8th Cir. 2008) (internal quotation marks and citation omitted). A motion for leave to amend will be dismissed as futile when the "amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson,* 601 F.3d 842, 850 (8th Cir.2010) (citation omitted). "When reviewing 'a motion to dismiss an action for failure to state a claim under Rule 12(b)(6), [we] tak[e] the factual allegations in the complaint as true and afford[ ] the non-moving party all reasonable inferences from those allegations.'" *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 941 (2019) (*quoting Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012)).

**DISCUSSION**

**I. Motion to Reconsider**

Sevela argues that the Court's prior holding that he does not have standing to sue under the NCPA is erroneous because 1) the decedent, Bryce J. Bolen, the addressee of the letter giving rise to the NCPA action, was a natural person, and Sevela, as personal representative of Bolen's estate, is a natural person who stands in his place, 2) the NCPA applies to any person directly or indirectly affected, and 3) the NCPA should be construed liberally.

Sevela points to Neb. Rev. Stat. § 30-2209(33) which defines Personal Representative, for purposes of the Nebraska Probate Code as "executor, administrator, successor personal representative, special Administrator, and **persons** who perform substantially the same function under the law governing their status." Pl. Br., ECF No. 47, Page ID 293 (emphasis in brief, not statute). Although the Court agrees that under Nebraska law a natural person can serve as a personal representative, this does not

3

demonstrate that a person acting in the capacity of a personal representative constitutes a *natural person* for purposes of the NCPA.

Sevela argues that Neb. Rev. Stat. § 59-1608(2) of the NCPA provides that "[t]he court may make such additional orders or judgments as may be necessary to restore **to any person in interest** any money or property . . . which may have been acquired by means of any act prohibited in the [NCPA]." Pl. Br., ECF No. 47, Page ID 293 (emphasis in brief, not statute). Yet § 59-1608(2) is subject to the same definition of "person" contained in Neb. Rev. Stat. § 59-1601.[2] Although § 59-1608(2) provides that the Court may restore money or property to persons in interest, unlike § 59-1609, it does not provide for a private right of action.

"Like the FDCPA, the NCPA is a remedial consumer protection statute that is to be liberally construed." *Powers v. Credit Mgmt. Servs., Inc.*, No. 8:11CV436, 2016 WL 612251, at *11 (D. Neb. Feb. 2, 2016) (citing *Kuntzelman v. Avco Fin. Serv. of Neb., Inc.*, 291 N.W.2d 705, 707 (1980)). In *Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994), the Sixth Circuit held that the personal representative of an estate could bring an action to recover under the FDCPA for a letter received after the debtor's death. The Sixth Circuit's decision was based, in part, on the broad language and purpose of the FDCPA. *Id.* The court stated that "the phrase 'with respect to any person' includes more than just the addressee of the offending letters" and "at a minimum, includes those persons, such as [the executrix of the estate], who 'stand in the shoes' of the debtor or

---

[2] Neb. Rev. Stat. § 59-1601 states that "For purposes of the Consumer Protection Act, unless the context otherwise requires: (1) Person shall mean natural persons, corporations, trusts, unincorporated associations, partnerships, and limited liability companies."

have the same authority as the debtor to open and read the letters of the debtor." *Id*. "[T]he term 'any person,' has not been expressly defined under the FDCPA." *Wayne Hosp. Co. v. Palmer*, No. 3:13CV00069, 2013 WL 5724506, at *3 (S.D. Ohio Oct. 21, 2013), *report and recommendation adopted*, No. 3:13-CV-069, 2013 WL 6055493 (S.D. Ohio Nov. 15, 2013).

However, unlike the FDCPA, the NCPA provides a private right of action only to "[a]ny *person* who is *injured in his or her business or property* . . . whether such injured person dealt directly or indirectly with the defendant," Neb. Rev. Stat. § 59-1609 (emphasis added), and defines a person as "natural persons, corporation, trusts, unincorporated associations, partnerships, and limited liability companies," Neb. Rev. Stat. § 59-1601. "A personal representative is not a natural person, but, rather, an entity created by statute through a court order of appointment. . . ." *See Correa v. Estate of Hascall*, 850 N.W.2d 770, 666 (Neb. 2014) (discussing the inability to sue a personal representative of a closed estate for injuries incurred in an automobile accident with decedent) (quoting *Estate of Hanson v. Bergmeier*, 825 N.W.2d 224, 231 (Neb. 2013).

Sevela brings this action in his capacity "as Personal Representative of the Estate of Bryce J. Bolen." Am. Compl., ECF No. 11, Page ID 40. In this capacity, he is not a natural person nor has he been injured in *his* business or property. Instead, Sevela stands in the shoes of Bolen and "has the same standing to sue and be sued . . . as . . . decedent had immediately prior to death." Neb. Rev. Stat. § 30-2464. At the time of Bolen death, K&M had not yet sent the correspondence, thus, Bolen had no standing to sue K&M immediately prior to his death. The Court will liberally construe the NCPA but must

5

do so within the confines of the language contained in the statute. Therefore, Sevela's Motion for Partial Reconsideration will be denied.

## II. Motion for Leave to File Second Amended Complaint

Sevela seeks to file a Second Amended Complaint which 1) substitutes Wes Kozeny, Gary McCubbin, Will Nix, and Kerry Feld (collectively "the additional four defendants") for four of the John Does listed as Defendants in Sevela's Complaint; 2) alleges that "Plaintiff is a person of interest as defined by Neb. Rev. Stat. § 59-1608(2); 3) adds language regarding the public interest with respect to Sevela's NCPA claim; 4) notes that the Court has the ability to provide a monetary remedy; and 5) adds language establishing Plaintiff's standing for suffering concrete injury in-fact. K&M argues that Sevela's request to amend with respect to the NCPA claims and substitutions of John Does are futile.

### A. Substitution of John Does

Sevela's request to amend his Complaint to substitute the additional four defendants for four of the John Does will be denied as futile because claims against the additional four defendants are barred by the statute of limitations and will not relate back to the filing of the initial Complaint. K&M's letter to Bolen was dated May 4, 2018. Pl. Br., ECF No. 48-2, Page ID 324. Sevela moved to amend his Complaint on May 13, 2019. The FDCPA contains a one-year statute of limitations, 15 U.S.C. § 1692k(d), which begins to run at the time the letter is mailed. *Mattson v. U.S. W. Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992). Thus, Sevela's claims against the additional four defendants are barred by the statute of limitations unless, as Sevela argues, the amendment relates back to the date of the original complaint.

6

> "Rule 15(c) provides that an amended complaint relates back to the date of the original complaint when: (1) the claim or defense asserted in the amended complaint arises out of the same conduct, transaction, or occurrence set out in the initial complaint, (2) within 90 days after the original complaint was filed, the party to be added "received such notice of the action that it will not be prejudiced in defending on the merits," and (3) upon receiving notice, the party to be added "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.""

*Heglund v. Aitkin Cty.*, 871 F.3d 572, 578–79 (8th Cir. 2017), *cert. denied sub nom. Heglund v. City of Grand Rapids, Mich.*, 138 S. Ct. 749, (2018) (quoting Fed. R. Civ. P. 15(c)(1)(C); 4(m)). "When those conditions are satisfied, the amended complaint is treated as if it were filed on the date of the original complaint." *Id.* (citing *Hayes v. Faulkner County*, 388 F.3d 669, 675-76 (8th Cir. 2004)).

In *Heglund*, the plaintiffs filed a complaint against numerous Minnesota cities and counties, state officials, and hundreds of John and Jane Does. *Id*. at 575. Plaintiffs later learned the identity of one John Doe through discovery. *Id*. at 576. Plaintiffs then amended their complaint to substitute the individual for one John Doe defendant after the statute of limitations had expired. *Id*. The court found that the amended complaint did not relate back because plaintiffs' use of John Doe rather than the individual's name in the original complaint was not a "mistake" within the meaning of Rule 15(c) and granted summary judgment for the defendant. *Id*. at 577. The Eighth Circuit upheld the district court's grant of summary judgment stating "[r]egardless of when [defendant] learned of the action or what he knew about whether the plaintiffs would like to have sued him, the [plaintiffs] did not make a 'mistake' in the ordinary sense of the word when they intentionally sued 'John Doe' while knowing that he was not the proper defendant." *Id*. at 581.

7

Similarly, "[Sevela's] First Amended Complaint [ECF No. 11] purposefully included allegations against John Doe defendants [] for sending the challenged debt collection letter." Pl. Reply Br., ECF No. 54, Page ID 351. Like the plaintiffs in *Heglund*, Sevela argues that these individuals were listed as John Does because it was impossible for him to know the identities of the John Does prior to discovery. *Id.* at 351-52. Regardless of whether Sevela's complaint provided notice to the additional defendants, listing John Does in their places was, like in *Hegland*, not a mistake within the meaning of Rule 15(c). Therefore, even if the Court allowed Sevela to amend his complaint, the claims against the additional defendants would not relate back and would be barred by the statute of limitations. Thus, Sevela's request to amend to add the additional defendants is futile.[3]

### B. Addition of language pertaining to Neb. Rev. Stat. § 59-1608

As discussed above, Sevela cannot salvage his NCPA claim by alleging he is entitled to relief under Neb. Rev. Stat. § 59-1608. Thus, Sevela's request to amend his complaint to add language alleging Sevela is a person of interest as defined by Neb. Rev. Stat. § 59-1608 is denied as futile and Sevela's Second Amended Complaint will not revive his NCPA claim against K&M.

### C. Addition of language pertaining to the public interest

To be actionable under the NCPA, the unfair or deceptive trade practice must have an impact on the public interest. *Nelson v. Lusterstone Surfacing Co.,* 605 N.W.2d 136, 141 (Neb. 2000). However, as discussed above, Sevela's claims under the NCPA have

---

[3] The NCPA has a four-year statute of limitations. Neb. Rev. Stat. § 59-1612. However, because Sevela's NCPA claim has been dismissed and will not be revived by his amendment, this will not save Sevela's Motion for Leave to File Second Amended Complaint with respect to the additional four Defendants from being denied as futile.

already been dismissed by the Court. Thus, Sevela's request to amend his complaint to add language regarding the public interest requirement of the NCPA is denied as futile.

### D. Addition of language regarding a monetary remedy

Sevela seeks leave to amend the "JURISDICTION AND PARTIES" section of his First Amended Complaint to add the language "Within this jurisdiction and authority, the Court has the ability to order a monetary remedy for Defendants' violations enumerated below." Second Am. Compl., ECF No. 48-1, Page ID 308. K&M does not specifically address this request to amend in its opposition. The Court finds that no prejudice will result to K&M in allowing this amendment. Sevela's request to amend his complaint to add language regarding a monetary remedy will be granted.

### E. Addition of language regarding injury in-fact

Sevela seeks leave to amend his complaint by adding paragraphs 37 through 39 "to establish [Sevela's] standing for suffering concrete injury in-fact." Pl. Mot., ECF No. 48, Page ID 303. K&M does not specifically address this request to amend in its opposition. The Court finds that no prejudice will result to K&M in allowing this amendment. Sevela's request to amend his complaint to add language regarding his injury-in-fact will be granted.

Accordingly,

IT IS ORDERED:

1. The Motion for Partial Reconsideration, ECF No. 46, filed by Plaintiff James Sevela is denied;

2. The Motion for Leave to File Second Amended Complaint, ECF No. 48, filed by Plaintiff James Sevela is granted in part as follows:

    a. Sevela is given leave to amend his First Amended Complaint by adding his proposed language regarding the Court's ability to order a monetary remedy and his injury-in-fact; and

    b. Sevela shall filed his amended complaint on or before July 22, 2019;

3. Sevela's Motion for Leave to File Second Amended Complaint, ECF No. 48, is otherwise denied; and

4. Defendants shall answer or otherwise respond to the Second Amended Complaint on or before August 12, 2019.

Dated this 12th day of July 2019.

                BY THE COURT:

                s/Laurie Smith Camp
                Senior United States District Judge