# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMES SEVELA, as Personal Representative of the Estate of Bryce J. Bolen, deceased, on behalf of himself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>KOZENY & MCCUBBIN, L.C., and JOHN DOES,<br><br>Defendants. | 8:18CV390<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff James Sevela's Motion for Partial Summary Judgment, ECF No. 73. In response to Plaintiff's Motion, Defendant Kozeny & McCubbin, L.C. ("K&M") argue that Plaintiff lacks standing. For the reasons stated below, Sevela's Motion will be denied and his remaining claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") will be dismissed for lack of standing.

## BACKGROUND

Bryce J. Bolen died on December 6, 2017. Complaint, ECF No. 11, Page ID 43. On January 25, 2018, Sevela was appointed as special administrator for Bolen's estate. *Id.* On or about May 4, 2018, K&M sent a letter addressed to Bolen referencing a mortgage allegedly due Wells Fargo Bank. *Id.* at 53. The letter contained, among other things, a statement that "Unless within 30 days after you receive this notice you dispute the validity of the debt or a portion thereof, the debt will be assumed to be valid." *Id.* On July 19, 2018, Sevela was appointed as Personal Representative of Bolen's estate.

1

Sevela's Amended Complaint alleges that the letter violated various provisions of the FDCPA and Nebraska Consumer Protection Act, § 59-1601 *et seq*. ("NCPA"). ECF No. 11. On November 29, 2018, in response to K&M's Motion to Dismiss, the Court dismissed all claims except those based on an alleged failure to specify *who* might assume the debt valid if not disputed within the 30-day period. Memorandum & Order, ECF No. 17, Page ID 125. On May 2, 2019, in response to K&M's Motion for Judgment on the Pleading, the Court dismissed Sevela's NCPA claim holding that Sevela was not a person injured in his or her business or property as required to bring a claim under *Neb. Rev. Stat*. § 59-1609. Memorandum & Order, ECF No. 45, Page ID 286. On July 12, 2019, the Court denied Sevela's Motion for Partial Reconsideration, but granted in part Sevela's Motion for Leave to File Second Amended Complaint. Memorandum & Order, ECF No. 370, 373. Sevela did not file his proposed Second Amended Complaint.

On October 23, 2019, Sevela filed a Motion for Partial Summary Judgment, ECF No. 73. K&M opposes the Motion arguing that Sevela lacks standing to bring the FDCPA claim. Standing is a jurisdictional requirement, that "can be raised by the court sua sponte at any time during the litigation." *Delorme v. United States*, 354 F.3d 810, 815 (8th Cir. 2004). Thus, the Court will address standing prior to addressing Sevela's Motion for Partial Summary Judgment.

**STANDARD OF REVIEW**

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "[M]ootness and standing are

questions of subject matter jurisdiction." *Doe v. Nixon*, 716 F.3d 1041, 1047 (8th Cir. 2013). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.*, 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593).

"Federal jurisdiction is limited by Article III of the Constitution to cases or controversies; if a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters*, 645 F.3d 954, 958 (8th Cir. 2011) (citing *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir.2002)). "To establish standing, a plaintiff must show that he has suffered an injury in fact that is fairly traceable to the challenged conduct of the defendant and will likely be redressed by a favorable decision." *Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 956 (8th Cir. 2015) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

## DISCUSSION

K&M argues that Sevela does not have standing to sue individually or on behalf of Bolen's estate. The Court interprets K&M's argument for dismissal based on lack of standing as a facial challenge.

K&M's standing argument focuses on the injury-in-fact requirement. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and "actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. A concrete injury is one that

3

exists—it is real, not abstract. *Spokeo*, 136 S. Ct. at 1548. But concrete does not necessarily mean tangible. *See id.* at 1549. An intangible injury, such as "the risk of real harm," can satisfy Article III. *See id.* at 1549.

Congress plays an important role in deciding whether an intangible harm is an injury in fact. *See id.*, 136 S. Ct. at 1549. "Congress is well positioned to identify intangible harms that meet minimum Article III requirements, but a plaintiff does not automatically satisfy the injury-in-fact requirement whenever a statute grants a right and purports to authorize a suit to vindicate it." *Id.* at 343. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* This does not mean, however, that the risk of real harm cannot satisfy that requirement. *Id.* at 1543-44 (citing *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138 (2013)). "Where 'the violation of a procedural right granted by statute' creates the risk of real harm, a plaintiff 'need not allege any additional harm beyond the one Congress has identified.'" *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685, 691 (8th Cir. 2017) (quoting *Spokeo*, 136 S. Ct. at 1549).

It is unclear from the language in the Amended Complaint whether Sevela is asserting his own rights under the FDCPA or those of Bolen and/or his estate. However, Sevela has taken the position that the action is filed on behalf of Bolen's estate. *See* Pl.'s Br. Opp'n Def.'s Mot. Dismiss, ECF No. 34, Page ID 225 ("Mr. Sevela has the ability to bring this case on behalf of the estate directly impacted by Defendant's acts and practices."). For the sake of completeness, the Court will analyze Sevela's standing on behalf of the Bolen and/or his estate as well as Sevela's individual standing.

**A. Bolen and Bolen's Estate**

K&M argues Bolen did not have standing prior to his death and, thus, Sevela does

not have standing to bring a cause of action on behalf of Bolen's estate.[1] In a similar case involving Sevela and a letter[2] dated after Bolen's death, the Court held that "any claim based on Bolen's rights fails to satisfy Article III because Bolen never saw (nor could have seen) the challenged letter and thus suffered no injury in fact." *Sevela v. Portfolio Recovery Associated, LLC*, 8:18CV526, ECF No. 19, Page ID 103 (D. Neb. Mar. 21, 2019) (citing *Tourgeman v. Nelson & Kennard*, 735 F. App'x 340, 341 (9th Cir. 2018) (unpublished memorandum) ("An alleged harm based on letters that [the plaintiff] never received, saw, or even knew existed cannot satisfy Article III's concreteness requirement.")). As in *Portfolio Recovery Associated,* K&M's letter to Bolen was sent after Bolen's death; Bolen never saw, nor could have seen, the letter from K&M; and thus Bolen suffered no injury in fact and any claim based on Bolen's rights fails to satisfy Article III.

The Court must next address whether Sevela can assert a claim on behalf of Bolen's estate when Bolen did not have a claim at the time of his death. Sevela argues that *Bassett v. Credit Bureau Servs., Inc.*, 2019 WL 109343 (D. Neb. Jan. 4, 2019), supports Sevela's argument for standing on behalf of the estate. In *Bassett*, the plaintiff pursued a claim on behalf of herself and on behalf of her deceased husband. *Id.* at *1. However, the collection letter was sent and received before her husband's death. *Id.* at

---

[1] Sevela argues that the Court determined Sevela had standing in the Memorandum and Order, ECF No. 45, dated May 2, 2019 when it cited *Wright v. Fin. Serv. Of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994). The Court's Memorandum and Order dated May 2, 2019, was in response to K&M's Motion for Judgment on the Pleadings which challenged Sevela's standing to bring the NCPA claims. ECF No. 45. The Court cited *Wright v. Fin. Serv. Of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994), when comparing the language of the FDCPA and NCPA and the absence of a definition for the term "person" in the FDCPA. *Id.* The Court determined that "Sevela as personal representative on behalf of Bolen's estate is not a 'person who is injured in his or her business or property" and dismissed Sevela's FDCPA claim. *Id.* However, the Court did not determine Sevela's standing under the FDCPA.

[2] The letter in *Portfolio Recovery Associated* allegedly violated §1692e, §1692e(10), §1692e(2)(A), §1692e(5), and §1692(f) of the FDCPA. *Sevela v. Portfolio Recovery Associated, LLC*, 8:18CV526, at Page ID 98 (D. Neb. Mar. 21, 2019).

*2-3, n. 3, *6. Thus, Ms. Bassett's husband would have had standing before his death and *Bassett* does not support Sevela's argument that an estate may have a claim based on a letter sent *after* a decedent's death.

In *Portfolio Recovery Associated,* the Court found unpersuasive the argument that Sevela on behalf of Bolen's estate could have standing if Bolen did not have standing at the time of his death. *See Portfolio Recovery Associated*, No. 8:18CV526, at Page ID 101 ("Sevela has not provided any support for the proposition that Bolen's prospective statutory rights (as distinct from an existing claim) survived him and are inheritable, let alone that those novel posthumous statutory rights empower Bolen's estate to sue on his behalf for future violations of Bolen's prospective interests."); *but see Wright v. Fin. Serv. Of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994) (pre-*Spokeo* decision holding that executor of estate had standing to sue for letter sent after decedent's death). The holding in *Sevela v. Portfolio Recovery Associated, LLC,* is consistent with *Neb. Rev. Stat.* § 30-2464 which provides as follows:

> Except as to proceedings which do not survive the death of the decedent, a personal representative of a decedent domiciled in this state at his or her death has the same standing to sue and be sued in the courts of this state and the courts of any other jurisdiction as his or her decedent had immediately prior to death.

Sevela does not have standing to pursue a claim on behalf of the estate of Bolen because Bolen did not have standing to pursue a claim immediately prior to his death. Thus, any FDCPA claims brought by Sevela on behalf of Bolen or Bolen's estate must be dismissed for lack of standing.

### B. Sevela's Individual Rights as Personal Representative

In *Portfolio Recovery Associated,* the Court held not only that Bolen and his estate lacked standing but also that Sevela himself lacked standing because he had not clearly alleged facts demonstrating each element of standing. *Portfolio Recovery Associated*, No. 8:18CV526, ECF No. 19, Page ID 103-04. Specifically, the Court stated "[t]he sparse allegations in Sevela's complaint do not show that he 'suffered an invasion of a legally protected interest that is concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* (quoting *Spokeo,* 136 S. Ct. at 1548).

Here, Sevela alleges that the letter sent to Bolen "fails to identify the entities or persons who may assume the alleged debt to be valid," "failed to inform Mr. Bolen, or his Personal Representative . . . that the alleged debt may only be assumed to be valid by the debt collector," and is "confusing and misleading to an unsophisticated consumer." Amended Complaint, ECF NO. 11, Page ID 44. Further Sevela alleges that

> Sending letters in the form of Exhibit A make false or misleading representations in violation of 15 U.S.C. §1692e, §1692e(2)(A) §1692e(3), §1692e(10), §1692e (11), §1692f(1) and § 1692g(a) as well as the NCPA. These violations misled Mr. Bolen/Sevela and the class as to their rights and the law. The violations are material because they caused harm.

*Id.* at Page ID 46. Not only is it unclear whether the Amended Complaint is alleging that Bolen or Sevela was misled it is also unclear which of the alleged violations is said to have caused someone to be misled. Even if it were clear that it was Sevela who was "misled" as a result of the omission of the identity of the party that would assume the debt to be valid, Sevela's threadbare recitals are insufficient to demonstrate standing. As in *Portfolio Recovery Associated*, Sevela has not alleged that he suffered a particular harm or suffers from a risk of future harm, establishing a concrete injury sufficient for standing.

7

Thus, to the extent Sevela alleges a cause of action in his individual capacity as Personal Representative of Bolen's estate, his claim fails for lack of standing.

Because Sevela lacks standing, the court lacks jurisdiction over Sevela's Amended Complaint and it must be dismissed.

Accordingly,

IT IS ORDERED:

1. Plaintiff James Sevela's Motion for Partial Summary Judgment, ECF No. 73, is denied;
2. The above-captioned action is dismissed without prejudice for lack of jurisdiction; and
3. A separate judgment will be entered.

Dated this 28th day of January, 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge